SPAUGH v. OHIO CASUALTY INS. CO.
No. 13170.

United States Court of Appeals
Fifth Circuit.
Nov. 22, 1950.
Rehearing Denied Dec. 27, 1950.

Dee Brown Walker, Dallas, Tex., for appellant.

W. C. Gowan, Dallas, Tex., for appellee.

Before HUTCHESON, Chief Judge, and McCORD and BORAH, Circuit Judges.

and the Tax Court has determined him to have successfully achieved this aim: Wilfred J. Funk, decided February 7, 1944.

**PER CURIAM.**

The suit was for workmen's compensation. The claim was for permanent total disability or, in the alternative, for temporary total disability and permanent partial disability resulting from the accidental spilling of acid onto her face and into her eyes, nose and mouth, causing irritation in her bronchial tubes, lungs, nose and eyes.

The case was tried to the court and a jury, and at the conclusion of all the testimony the jury was sent out and the following colloquy occurred:

The Court: "Motions for the Plaintiff?"

Mr. Walker: "No, sir."

The Court: "Motions for the Defendants?"

Mr. Gowan: "No, Your Honor."

The Court: "The Court is very much disturbed about this young lady's testimony here. She didn't swear the truth, she knows she didn't swear the truth, and that is in contempt of this Court. She swore she didn't know when she wore glasses, and she had been wearing glasses for twenty years.

"I don't like to pass that over without appropriate action.

"I don't think it is appropriate for that to be said in the presence of the jury, because they are the judges of the weight of the testimony in this particular cause.

"*I don't see any total injury at all, nothing that is permanent here. I don't see very much to submit to the jury. There is some testimony from one doctor, said she might not be able to* hold a position because she coughed, but she has been in court for two hours and she didn't cough at all until she was asked some questions about it, and after she sat back down she coughed three or four times.

"*I think probably there might be a condition here of partial in capacity, but I would not let much of a verdict stand here.*

"Have you gentlemen tried to get together in this case, on some small amount?"

Mr. Gowan: "I always try, in every case I have, but wholly without success here."

The Court: "Suppose you talk together a minute, and we will take a recess for a few minutes. There is not any case here, Mr. Walker."

"Court will stand at recess a minute or two."

(Short recess)

Mr. Walker: "*Mr. Gowan and I have agreed to withdraw the case from the jury and allow the Court to pass upon any disability he may find.*"

The Court: "Number 3677, I don't believe the Plaintiff. I don't believe she has suffered any disability. Verdict for the Defendant." "I will refer this matter to the United States Attorney." (Emphasis supplied throughout)

From the judgment entered on the finding against her, plaintiff has appealed.

Here, while she makes other points against the judgment, appellant's main point is that since it was admitted that defendant had a valid compensation policy in full force on plaintiff's employer at the time of plaintiff's accident, and the undisputed testimony showed that plaintiff had received an accidental injury in the course of her employment, the court erred in finding a verdict for the defendant as a matter of law.

We agree. In addition to her own testimony, plaintiff offered the uncontradicted testimony of one Endersbe, a wholly disinterested employee, which fully corroborated her testimony as to the accident she suffered. Having testified that one Mrs. Larry was overcome by the fumes and fell out on the platform, and asked, "Did anything occur to Mrs. Spaugh at the same time, he answered:

"Yes, sir, it did, she was working in the same section that Mrs. Larry was working in, and she spilled some of that down her face. I don't know whether it was inside of her mask or down her face, all I know is she spilled it on her."

Q: "You observed that?" A: "Yes, sir."

Q: "What did she appear to be doing at the time?" A: "When I saw her, after she came down out of the hole, she sat there trying to wipe that off."

■ If, on this testimony and the other testimony in the record, the court had instructed a jury verdict for the defendant, the judgment on such verdict could not have stood. What the court did was in effect to

instruct a verdict, and, wholly apart from the colloquy, the judgment would have to be reversed as contrary to the undisputed evidence.

■ But we cannot disregard the colloquy. This shows in the plainest kind of way that liability in some amount was conceded and that the question of liability *vel non* was not submitted to the court but only the question of the nature and extent of the disability and the amount to be awarded therefor.

When, then, the court, on that submission, instead of making a finding and entering judgment in accordance with his own suggestion:

"I think probably there might be a condition here of partial incapacity, but I would not let much of a verdict stand here. Have you gentlemen tried to get together in this case on some small amount?"
immediately gave his verdict for the defendant, he went beyond the scope of the submission to him, and his finding and judgment may not stand.

The judgment is reversed and the cause is remanded for further and not inconsistent proceedings.